UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRYL ROCK,

                Plaintiff,

v.                                            1:08-CV-0853 (GTS/RFT)

AM. EXPRESS TRAVEL RELATED SERVS.
CO., INC.; NATIONWIDE CREDIT, INC.;
AEGIS RECEIVABLES MGMT. INC.; and
RICHARD FERRY,

                Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

OFFICE OF RICHARD L. DIMAGGIO         RICHARD L. DIMAGGIO, JR.
  Counsel for Plaintiff
6 Berkley Road
Glenville, NY 12302

GOLDBERG & ASSOCIATES                    JACK GROSS
  Counsel for Defendant AMERICAN EXPRESS
  TRAVEL RELATED SERVICES COMPANY, INC.
39 Broadway
New York, NY 10006

BOND SCHOENECK & KING LLP             THOMAS KELEHER and
  Counsel for Defendants AEGIS RECEIVABLES   LILLIAN A. ABBOTT-PFOHL
  MANAGEMENT INC. and RICHARD FERRY
One Lincoln Center
Syracuse, NY 13202-1355

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently pending before the Court are Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Dkt. No. 12), and a cross-motion by Defendant American Express Travel Related Services Co., Inc. ("American Express") to set aside the Clerk's first entry of

default against it pursuant to Fed. R. Civ. P. 55(c) (Dkt. No. 23).[1]

Plaintiff's motion for default judgment is denied for two reasons. First, it is unsupported by a showing of cause. Plaintiff filed his original Complaint in this action on August 7, 2008. (Dkt. No. 1.) He served his Complaint on Defendant American Express on August 14, 2008. (Dkt. No. 9.) He filed his motion for default judgment on October 30, 2008. (Dkt. No. 12.) Defendant American Express has adduced affidavit testimony that it did not file a timely Answer to Plaintiff's Complaint primarily for the following two reasons: (1) during a hospitalization for serious health issues, Mr. Joseph Diaz (the supervisor at American Express assigned to Plaintiff's account) had miscommunicated with a colleague, who was covering for him at work, regarding Plaintiff's account; and (2) during settlement negotiations (which required Mr. Diaz to communicate with both Plaintiff's counsel and American Express' co-Defendants), Mr. Diaz had been assured by Plaintiff's counsel that American Express had an "indefinite extension of time" to answer the Complaint. (Dkt. No. 23, Part 3, ¶¶ 20-21, 26 [Diaz Affid.].)[2]

In response, Plaintiff argues that (1) Mr. Diaz does not indicate the time and duration of

---

[1] In substance, Defendant American Express' submission of December 8, 2008, is (1) an opposition to Plaintiff's motion for default judgment, and (2) a cross-motion to set aside the Clerk's first entry of default against it. (Dkt. No. 23.) However, in places, Defendant's submission is incorrectly labeled a motion to "vacate the default *judgment*" against it. (*Id*. [emphasis added].) Plaintiff's response papers make a similar error by arguing that the default judgment should not be vacated. (Dkt. No. 24.) Counsel are respectfully reminded that no default judgment has been entered in this case. *Traffic Sports USA, Inc. v. Segura*, 2008 WL 4890164, at *3 (E.D.N.Y. Nov. 12, 2008) ("A clerk's entry of default is not the same as a default judgment granted by the district court. Rather, Rule 55 sets forth a two-step process in which first a default, and then a default judgment, is entered.") [citation omitted]. All that has occurred thus far in this action is an entry of default by the Clerk's Office. (Dkt. No. 11.)

[2] While Defendant American Express does not specify precisely when the settlement negotiations started, it appears that they started on or soon after August 14, 2008, based on the following two facts: (1) American Express was served with the Complaint on August 14, 2008 (Dkt. No. 9), and (2) Plaintiff alleges that, "[w]hen notice of this law suit was presented to American Express, . . . [Mr. Diaz] actually made an offer of settlement . . . ." (Dkt. No. 14, Part 1, ¶ 107 [Plf.'s "Second Amended Complaint"]).

his hospitalization, and (2) Plaintiff's counsel gave Mr. Diaz only an extension of the Answer-deadline until "further notice." (Dkt. No. 24, ¶¶ 6, 45 [DiMaggio Affirm.].) The Court need not address the merit of Plaintiff's first argument because it is not persuaded by his second argument. Plaintiff's counsel has adduced affidavit testimony that the deadline extension granted to Defendant American Express was in effect from August of 2008 until Mr. Diaz "blew off" their settlement conference at 2:00 p.m. on October 22, 2008. (*Id*. at ¶¶ 21-25, 45-48.) That is when Plaintiff's counsel informed "the main operator at the conference number" that Defendant American Express was "in default." (*Id*. at ¶ 25.) He then filed his motion for default judgment eight days later, on October 30, 2008. (Dkt. No. 12.)

For the sake of brevity, the Court will not linger on the fact that Plaintiff's counsel was not able, under Fed. R. Civ. P. 12(a)(1)(A) and 6(b)(1), to extend Defendant American Express' Answer deadline without an Order of the Court. Under the circumstances, the Court finds that Plaintiff's motion for default judgment is unsupported by a showing of cause, because reasonable grounds existed for Defendant American Express' failure to timely Answer Plaintiff's Complaint (i.e., the illness, mistake, and detrimental reliance of a non-attorney).

Second, Plaintiff's motion for default judgment–which is premised on Defendant American Express' failure to answer Plaintiff's original Complaint–is denied on the alternative ground that it was mooted and/or rendered untimely by the filing of an Amended Complaint on September 8, 2008 (Dkt. No. 6), and the service of that Amended Complaint on November 11, 2008 (Dkt. No. 30, Part 3 [Affid. of Service regarding Am. Compl.]).[3] Generally, which

---

[3] *See Dourlain v. United States*, 01-CV-1251, 2003 WL 22753452, at *2 (N.D.N.Y. Sept. 26, 2003) (Mordue, J.) ("[A]fter moving for default judgment and after the government moved to dismiss the original complaint, plaintiff filed an amended complaint which rendered plaintiff's motion for default judgment on the original complaint, moot."); *Saint-Gobain*

particular pleading has been defaulted on is significant for two reasons: (1) when a default judgment is entered, the well-pleaded allegations of the pleading defaulted on are deemed admitted; and (2) when an amended pleading is filed, the amended pleading becomes the operative pleading, nullifying the original pleading.

For the same reasons that the Court denies Plaintiff's motion for default judgment, the Court grants Defendant American Express' motion to set aside the Clerk's first entry of default against it.

In addition, the Court denies Plaintiff's request for "Second Entry of Default" against Defendant American Express, which was filed on December 15, 2008, and was premised on Defendant American Express' failure to answer Plaintiff's Amended Complaint.  (Dkt. Nos. 30-31.)[4]  In addition to being excused for reasons discussed earlier (i.e., illness, mistake and the detrimental reliance of a non-attorney), Defendant American Express' failure to timely answer Plaintiff's Amended Complaint is excused by the fact that, the day before serving his Amended Complaint on Defendant American Express (on November 11, 2008), Plaintiff filed with the

---

*Autover USA, Inc. v. Fuyao Glass Indus. Group Co., Ltd.*, 05-CV-71079 2005 WL 3454402, at *1-2 (E.D. Mich. Dec. 16, 2005) (setting aside default partially on the grounds that it had been entered on the original complaint that was rendered null by the filing of the amended complaint); *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F. Supp. 832, 835 (N.D.Ill.1990) (striking motion for default judgment as moot upon filing of amended complaint); *Best Western Int'l, Inc. v. Melbourne Hotel Investors, LLC*, 06-CV-2276, 2007 WL 2990132, at *2 (D. Ariz. Oct. 11, 2007) (denying as moot motions for default judgment due to filing of amended complaint).

[4] The Court directs the Clerk to rename Dkt. Nos. 30 and 31 as Plaintiff's *request* for a second entry of default.  The Court notes that, even if the Clerk had already entered a second default (which it has not done), the Court would be able to set aside that second default *sua sponte*.  *See Judson Atkinson Candies, Inc. v. Latini-Hohgerger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("Rule 55(c) does not require a motion."), *accord*, *Feliz v. The Kintock Group*, No. 07-2805, 2008 WL 4747817, at *4 (3d Cir. Oct. 30, 2008) ("[W]e do not take issue with the District Court's authority to *sua sponte* set aside an entry of default against the Kintock Group employees for good cause . . . .").

Court a purported "Second Amended Complaint" (which was, in actuality, his Second Amended and Supplemental Complaint).  (Dkt. No. 14.)[5]

Finally, a few words are necessary about Plaintiff's Second Amended and Supplemental Complaint.  (Dkt. No. 14)  Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course [i.e., without leave of the Court] . . . before being served with a responsive pleading . . . ."  Fed. R. Civ. P. 15(a)(1).  However, once a party has done so (as did Plaintiff in this case, on September 8, 2008, *see* Dkt. No. 6), he may not do so again, but must first obtain either (1) written consent of the opposing part or (2) leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff did not obtain either of these things before he filed his Second Amended and Supplemental Complaint on November 10, 2008.  (Dkt. No. 14.)  As a result, that pleading is a nullity.  However, the Court notes that one of the three Defendants in this action has already filed an Answer to that pleading (Dkt. No. 21), and that a swift resolution of this action appears to be in all the parties' interests (given the amount in controversy and the parties' prior settlement agreement).

As a result, the Court gives Plaintiff fourteen (14) days from the date of this Decision and Order to either (1) obtain the written consent of his opposing parties to file his Second Amended and Supplemental Complaint, or (2) file a motion for leave to file his Second Amended and Supplemental Complaint, currently docketed as Dkt. No. 14.[6]  Should he fail to do so, or should

---

[5] Plaintiff's "Second Amended Complaint" is actually a Second Amended *and Supplemental* Complaint, because it alleges events occurring after the date of his Amended Complaint.  *See* Fed. R. Civ. P. 15(d).

[6] Plaintiff's counsel is respectfully reminded that, should he chose to file a motion to amend, he must comply with this Court's requirement that he "set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." N.D.N.Y. L.R. 7.1(a)(3).

his motion be denied, Plaintiff's Second Amended and Supplemental Complaint (Dkt. No. 14) shall be stricken from the docket.  The deadline by which Defendant American Express must file an Answer in this action is extended to twenty (20) days from the Court's issuance of an Order either accepting or striking Plaintiff's Second Amended and Supplemental Complaint (Dkt. No. 14).

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Dkt. No. 12) is **DENIED**; and it is further

      **ORDERED** that Defendant American Express' cross-motion to set aside the Clerk's entry of default against it pursuant to Fed. R. Civ. P. 55(c) (Dkt. No. 23) is **GRANTED**; and it is further

      **ORDERED** that the Clerk shall rename Dkt. Nos. 30 and 31 as Plaintiff's *Request* for a Second Entry of Default against Defendant American Express; and it is further

      **ORDERED** that Plaintiff's Request for Second Entry of Default against Defendant American Express (Dkt. Nos. 30-31) is **DENIED** as without cause; and it is further

      **ORDERED** that Plaintiff has **FOURTEEN (14) DAYS** from the date of this Decision and Order to either (1) obtain the written consent of the opposing parties to file his Second Amended and Supplemental Complaint, or (2) file a motion for leave to file his Second Amended and Supplemental Complaint; should he fail to do so, or should his motion be denied, his Second Amended and Supplemental Complaint (Dkt. No. 14) shall be **STRICKEN** from the docket; and it is further

      **ORDERED** that the deadline by which Defendant American Express must file an Answer in this action is extended to **TWENTY (20) DAYS** from the Court's issuance of an

Order either accepting or striking Plaintiff's Second Amended and Supplemental Complaint.

Dated: December 17, 2008
Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge