UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARRYL ROCK,

                Plaintiff,

                              1:08-CV-0853 (GTS/RFT)

v.

AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.; AEGIS
RECEIVABLES MANAGEMENT INC.; and
RICHARD FERRY,

                Defendants.
_____

APPEARANCES:                             OF COUNSEL

LAW OFFICE OF RICHARD DiMAGGIO       RICHARD L. DiMAGGIO, JR., ESQ.
  Counsel for Plaintiff
6 Berkley Road
Glenville, NY 12302

GOLDBERG & ASSOCIATES                  JACK GROSS, ESQ.
  Counsel for Defendant American Express
39 Broadway
New York, NY 10006

BOND SCHOENECK & KING, PLLC          THOMAS KELEHER, ESQ.
  Counsel for Defendants Aegis and            LILLIAN A. ABBOTT-PFOHL, ESQ.
  Richard Ferry                                  SUZANNE M. MESSER, ESQ.
One Lincoln Center
Syracuse, NY 13202-13455

HON. GLENN T. SUDDABY, United States District Judge

## **ORDER**

       In accordance with the Court's rulings in this action made on the record after oral

argument on March 18, 2009, 2008, with regard to the parties' motions in this action, it is

**ORDERED** that Plaintiff's motion for leave to file a "Second Amended Complaint" (Dkt. No. 33) is **GRANTED** in part, and **DENIED** in part, as set forth below; and it is further

**ORDERED** that Defendant American Express' cross-motion to dismiss for failure to state a claim (Dkt. No. 34) is **GRANTED** in part, and **DENIED** in part, as set forth below; and it is further

**ORDERED** that Defendants Aegis' and Richard Ferry's cross-motion to dismiss for failure to state a claim (Dkt. No. 35) is **GRANTED** in part, and **DENIED** in part, as set forth below; and it is further

**ORDERED** that all claims as against Defendant Richard Ferry are **DISMISSED** in their entirety; and it is further

**ORDERED** that Plaintiff's breach-of-contract claim is **DISMISSED** as against **Defendant Richard Ferry** only, but **NOT DISMISSED** as against **Defendants American Express and Aegis**; and it is further

**ORDERED** that Plaintiff's negligent-hiring claim against Defendant American Express is **DISMISSED**; and it is further

**ORDERED** that Plaintiff's claim under Section 349 of the New York General Business Law is **DISMISSED** against all defendants; and it is further

**ORDERED** that Plaintiff's negligence claim is **DISMISSED** against all defendants; and it is further

**ORDERED** that Plaintiff's claims against Defendant Aegis under the Fair Debt Collection Practices Act, including his claim of telephonic harassment, are **NOT DISMISSED** at this time; and it is further

**ORDERED** that Plaintiff's conversion claim is **DISMISSED** against all defendants; and it is further

**ORDERED** that Plaintiff's claim of breach of fiduciary duty is **DISMISSED** against all defendants; and it is further

**ORDERED** that Plaintiff's gross-negligence claim is **DISMISSED** against all defendants; and it is further

**ORDERED** that Plaintiff's claim of a breach of the implied covenant of good faith and fair dealing is **DISMISSED** against all defendants; and it is further

**ORDERED** that Plaintiff's claim of defamation of credit is **DISMISSED** against all defendants and it is further

**ORDERED** that, within **FOURTEEN (14) DAYS** of the date of this Order, Plaintiff shall file, for the review and acceptance of this Court, a signed Third Amended Complaint containing only the following claims, as they are articulated in his proposed Second Amended Complaint: (1) his breach-of-contract claim against Defendants American Express and Aegis; (2) his claims against Defendant Aegis under the Fair Debt Collection Practices Act, including his claim of telephonic harassment.

Dated: March 18, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge